Susan F. ESQUIVEL, Jeanette Dean, Antonio Salton, Eugene De Leon, and Jill Guskey–Deiser, on behalf of themselves and others similarly situated, Plaintiffs,

v.

HILLCOAT PROPERTIES, INC., John Hillcoat, and Tammy Hartgraves Hillcoat, Defendants.

No. SA–06–CA–470–OG.

United States District Court, W.D. Texas, San Antonio Division.

Feb. 21, 2007.

Michael V. Galo, Jr., Galo & Cantu, LLP, San Antonio, TX, for Plaintiffs.

Adam D. Boland, Robert Edward Bettac, Ogletree, Deakins, Nash, Smoak & Stewart, PC, San Antonio, TX, for Defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ORLANDO L. GARCIA, District Judge.

Before the Court is defendants' motion to dismiss. (Docket no. 13.) Because the

motion relies in part on matters outside of the pleadings, the Court elected to treat it as a motion for summary judgment under FED.R.CIV.P. 56. (Docket no. 24.) The Court gave both sides the opportunity to present additional evidence; neither side did. The motion is ripe for decision.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmoving party may not rest on mere allegations or denials of his pleading, but must "come forward with 'specific facts showing that there is a *genuine issue for trial.*' " *Id.* at 587, 106 S.Ct. 1348 (quoting FED.R.CIV.P. 56(e) and adding emphasis). *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348 (citations omitted). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Id.* (citation omitted).

This is an action for overtime pay brought by former residential rental locators employed by the defendants under § 216(b) of the Fair Labor Standards Act (FLSA). Defendants argue in their motion that plaintiffs have failed to establish that they are employees for purposes of the FLSA, and that they or defendants are engaged in interstate commerce.

### Employees.

■ Defendants argue that under the Internal Revenue Code and the Texas Unemployment Act, licensed real estate agents such as plaintiffs are statutory non-employees provided certain criteria are met. Therefore, defendants conclude, plaintiffs must be independent contractors and outside the protections of the FLSA.

Defendants rely on IRC § 3508, which states that:

> For purposes of this title, in the case of services performed as a qualified real estate agent or as a direct seller—
>
> (1) the individual performing such services shall not be treated as an employee, and
>
> (2) the person for whom such services are performed shall not be treated as an employer.

26 U.S.C. § 3508(a). By its terms, § 3508 applies only to Title 26, the Internal Revenue Code. Defendants have cited no authority whatsoever for the proposition that a classification for income tax purposes has any application to the determination of employee status under the FLSA. Even if this were a factor to be considered, it would not supplant the five-factor fact-intensive test used to determine whether, as a matter of economic reality, the individuals in question are economically dependent upon the business to which they render their services. *See Herman v. Express Sixty–Minutes Delivery Service, Inc.,* 161 F.3d 299, 303 (5th Cir.1998).

585

The same analysis applies to the state unemployment act. *See* TEX. LABOR CODE § 201.072.

Discovery is ongoing. The Court need not decide at this point whether plaintiffs have established through their evidence that they are employees. It is sufficient to decide this motion that defendants have failed to establish, pursuant to their Tax Code and Unemployment Act arguments, that plaintiffs are independent contractors.

### Interstate commerce.

 Defendants also argue that plaintiffs have not shown that they or defendants were engaged in interstate commerce. Employees are covered individually by the FLSA if they are engaged in commerce or in the production of goods for commerce. *Tony and Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 295, n. 8, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985). Enterprise coverage exists for employers who have employees engaged in commerce or in the production of goods for commerce and whose gross sales are not less than $500,000. 29 U.S.C. § 203(s)(1).

The affidavits of Dean, Esquivel, and Guskey–Deiser attached to plaintiffs' response indicate that these plaintiffs were required to communicate by telephone and otherwise with prospective clients who were located outside Texas. This is sufficient evidence to raise a fact question of individual coverage. The Act defines "commerce" to include "communication among the several States or between any State and any place outside thereof." 29 U.S.C.A. § 203(b). Employees who regularly send or receive interstate communications are engaged in commerce, *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1143 (5th Cir.1970). "It is immaterial that these employees may have spent only a small portion of their time in performing activities with respect to the Company's out-of-state [clients]." *Id.*

Plaintiffs also argue that there does not seem to be any dispute that defendants' business had gross sales in excess of $500,000. Defendants do not challenge plaintiffs' assertion. In any event, plaintiffs request leave to conduct further discovery on this issue. They may certainly do so. FED.R.CIV.P. 56(f).

Defendants' motion to dismiss (docket no. 13), which has been converted to a motion for summary judgment, is DENIED.